■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT ARNOLD, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Suffolk County, imposed January 10, 1973, upon his plea of guilty of attempted burglary in the third degree (a felony) and attempted grand larceny in the third degree (a misdemeanor). Sentence modified, on the law and as a matter of discretion in the interest of justice, by changing the sentence on the misdemeanor conviction to an unconditional discharge. As so modified, sentence affirmed. Defendant, an admitted drug addict, interposed two pleas of guilty, one to a felony and one to a misdemeanor, in satisfaction of all the charges in two indictments. At sentencing, the court stated that a certification to the Narcotic Addiction Control Commission under the felony conviction "would be inappropriate and not in accordance with justice." Defendant was sentenced to a maximum of four years in prison for the felony. Evidently feeling compelled under the Mental Hygiene Law to certify defendant to the commission on the misdemeanor conviction, the court so certified him for 36 months. In our opinion, where a defendant, an addict, is simultaneously convicted on both felony and misdemeanor charges, the sentencing court, in the exercise of discretion, should impose one of the alternative sentences provided for as in a situation

where the addict is convicted only of a felony (*People* v. *Monsanto,* 41 A D 2d 761). Munder, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.